| | |
|---|---|
| 1 | Sarah R. London (State Bar No. 267083) |
|   | slondon@lchb.com |
| 2 | Tiseme G. Zegeye (State Bar No. 319927) |
|   | tzegeye@lchb.com |
| 3 | Caitlin M. Woods (State Bar No. 335601) |
|   | cwoods@lchb.com |
| 4 | Lieff Cabraser Heimann & Bernstein, LLP |
|   | 275 Battery Street, 29th Floor |
| 5 | San Francisco, CA  94111-3339 |
|   | Telephone:  415.956.1000 |
| 6 | Facsimile:  415.956.1008 |
| 7 | Hannah R. Lazarz (pro hac vice forthcoming) |
|   | hlazarz@lchb.com |
| 8 | Lieff Cabraser Heimann & Bernstein, LLP |
|   | 222 2nd Avenue South, Suite 1640 |
| 9 | Nashville, TN  37201-2379 |
|   | Telephone:  615.313.9000 |
| 10 | Facsimile:  615.313.9965 |
| 11 | *Attorneys for Plaintiff* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.A., | Case No. 4:24-CV-02582 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS** |
| v. | |
| THE COOPER COMPANIES, INC.; COOPERSURGICAL, INC.; and DOES 1-10, inclusive, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff A.A. will and hereby does move for entry of an order granting Plaintiff leave to proceed under pseudonyms. A copy of Plaintiff's [Proposed] Order Granting Plaintiff Leave to Proceed Under Pseudonyms is submitted along with this motion.

-1-

NOTICE OF MOTION AND MOTION FOR LEAVE TO
PROCEED UNDER PSEUDONYMS
CASE NO. 4:24-CV-02582

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff hereby moves to proceed in this case under the pseudonyms "A.A." This case involves highly sensitive personal and private information about Plaintiff, her reproductive efforts, fertility treatments, and medical history. The highly sensitive and personal nature of Plaintiff's allegations and the lack of prejudice to Defendants, all weigh in favor of allowing Plaintiff to proceed anonymously. Plaintiff respectfully submits that this motion should be granted.

## II.     BACKGROUND

Plaintiff A.A. is a single woman who sought fertility treatments to achieve her dream of becoming a biological mother. Complaint (Dkt. 1) ¶ 2. She underwent an egg retrieval in November 2023, and five healthy eggs were inseminated and placed in Defendants CooperSurgical, Inc. and CooperCompanies ("Defendants")'s defective culture media. *Id*. ¶¶ 3, 5. Plaintiff was shattered when she learned that none of her fertilized eggs survived the incubation period to develop into healthy blastocysts. *Id*. ¶ 4. Defendants later issued a recall of the media used during Plaintiff's embryo culture, stating the recalled media does the opposite of its intended use, creating a "risk to health" due to "impaired embryo development prior to the blastocyst stage." *Id*. ¶ 7. Plaintiff suffered incredible emotional distress following the destruction of her precious embryos. *Id*. ¶ 81.

Given the sensitive nature of her claims, Plaintiff filed her complaint using the random initials "A.A." to protect her privacy. Plaintiff seeks only the protection of anonymity in public filings in this case. Plaintiff intends to move to relate this case to the matter *E.F. and G.H. v. CooperSurgical, Inc. et al.*, No. 4:24-cv-00643-JST, where the parties in the related actions have stipulated that Plaintiffs may proceed under pseudonyms under a protective order. *See* Dkt. 43 at p.6 (Joint Case Management Conference Statement and Proposed Order); Dkt. 43-1 (Stipulation and [Proposed] Order Re: Plaintiffs Who Wish to Proceed Anonymously); Dkt. 38 (Stipulated Protective Order). Upon this case being related to these other related actions, Plaintiff intends to make her identity known to Defendants.

## III. <u>LEGAL STANDARD</u>

The Ninth Circuit instructs that a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity." *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Specifically, parties are allowed to use pseudonyms "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The district court's decision to grant or deny an application to proceed anonymously is reviewed for abuse of discretion. *Id.* at 1069.

"When a party requests 'Doe' status, the factors to be 'balance[d] . . . against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'" *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting *Advanced Textile,* 214 F.3d at 1068) (internal citation omitted). Further, where "the [plaintiff's] identity is known to the defendant, proceeding anonymously would not [] intrude on the defendant's rights," and only "the right of public access to court proceedings" is weighed against the privacy rights or other overriding interest of the plaintiff. *Dep't of Fair Emp. & Hous. v. Superior Ct. of Santa Clara Cnty.*, 82 Cal. App. 5th 105, 110 (2022).

Courts in this District allow the use of pseudonyms in cases involving the "'sensitive and highly personal'" area of "human sexuality." *Jane Roes 1-2 v. SFBSC Mgmt*., LLC, 77 F. Supp. 3d 990, 991-994 (N.D. Cal. 2015) (collecting cases and stating that this District "has considered 'social stigmatization' among the most compelling reasons for permitting anonymity"). *Advanced Textile* specifically cited a case where the "personal nature of pregnancy" justified allowing the plaintiff to proceed under a pseudonym. 214 F.3d at 1068 (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting anonymity in abortion suit)). In addition, "[t]he Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy," in particular where the case involved human sexuality and reproductive treatment and rights. *Advanced*

*Textile*, 214 F.3d at 1067 n.9 (citing *Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v.Bolton*, 410 U.S. 179 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control)).

## IV. ARGUMENT

Given the highly sensitive and personal nature of Plaintiff's allegations, the public's minimal interest in knowing her identity, and the lack of prejudice to Defendants, Plaintiff should be permitted to proceed anonymously.

### A. Plaintiff's Need for Anonymity.

Here, Plaintiff's privacy concerns regarding her medical history, fertility treatments, and reproductive efforts justify anonymity. The private information at issue in this case is "sensitive and highly personal"; thus, the use of pseudonyms is "necessary . . . to protect [Plaintiff] from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067-68. Revealing Plaintiff's identity in this matter could lead her to further emotional distress and/or result in social stigmatization due to the sensitive nature of her claims, which involve her reproductive choices, sexuality, and medical history. *See SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 991 (disclosing private details related to "the field of sexuality" would expose plaintiffs to social stigma); *Doe v. Hartford Fire Ins. Co. Emple*. Income Prot. Plan, No. 2:17-cv-01714-KJM-EFB, 2017 U.S. Dist. LEXIS 147786, at *3 (E.D. Cal. Sep. 11, 2017) (allowing plaintiff to proceed anonymously because "[s]hielding plaintiff's identity will prevent unwarranted publication of details related to a woman's infertility and a minor child's conception and gestation.").

Courts have thus allowed plaintiffs in fertility-related matters to proceed anonymously. For example, in the recent *In re Pacific Fertility Center Litigation* case in this District, dozens of fertility patients whose eggs and embryos were damaged in a cryogenic storage tank failure were permitted to proceed using pseudonyms throughout all pretrial proceedings. *See e.g.*, 18-cv-01586-JSC, Dkt. 691 (N.D. Cal. Feb. 18, 2021). Here, just as in the *Pacific Fertility Center* cases, "Plaintiffs only request[ed] sealing of their identities," but not the number of eggs or embryos they had lost or other information derived from their medical records. *A.B. v. Pacific Fertility Center*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020). The court granted plaintiffs request for anonymity in pretrial proceedings, noting it was a "narrowly tailored request." *Id.*

Indeed, at least twenty other cases have been filed in this district against Defendants regarding their defective embryo culture media, and in nearly all of these cases, the Plaintiffs filed their complaints using pseudonyms.[1]

### B. The Public's Interest in Anonymity.

In contrast, the public's interest in knowing Plaintiff's identity is minimal. Plaintiff's anonymity will not prevent the public from evaluating the issues in this case, nor will it inhibit the Court's ability to resolve the matters at issue. *See Advanced Textile*, 214 F.3d at 1068-69 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981). Here, even if Plaintiff remains anonymous, the public and the court will know all the facts of the case, the claims at issue, and the legal issues involved. The public can discern the allegations of Defendants' wrongdoing—its manufacture and sale of a defective embryo media—without knowing Plaintiff's identity. *See Advanced Textile*, 214 F.3d at 1073, n.15 ("we fail to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case"); *Doe v. United of Omaha Life Ins*. Co., No. 23-cv-02307-JST, 2023 U.S. Dist. LEXIS 146511, at ∗3 (N.D. Cal. Aug. 21, 2023) ("Here, Plaintiff's identity 'appears to have no bearing on the resolution of the issues,' and so 'a pseudonym will not impede public access to the substance of

---

[1] *E.F. et al v. CooperSurgical, Inc. et al*, 4:24-cv-00643-JST (N.D. Cal.); *Q.R. et al v. CooperSurgical, Inc. et al*, 3:24-cv-00689 (N.D. Cal.); *I.J. et al v. CooperSurgical, Inc. et al*, 3:24- cv-00693 (N.D. Cal.); *M.N. et al v. CooperSurgical, Inc. et al*, 3:24-cv-00696 (N.D. Cal.); *Walden et al v. The Cooper Companies, Inc. et al*, 4:24-cv-00903 (N.D. Cal.); *A.B. et al v. CooperSurgical, Inc. et al*, 4:24-cv-01061 (N.D. Cal.); *J.B. et al v. CooperSurgical, Inc. et al*, 3:24-cv-01085 (N.D. Cal.); *CLF001 et al v. CooperSurgical, Inc. et al*, 3:24-cv-01192 (N.D. Cal.); *CLF003 et al v. CooperSurgical, Inc. et al*, 3:24-cv-01193 (N.D. Cal.); *CLF005 et al v. CooperSurgical, Inc. et al*, 3:24-cv-01194 (N.D. Cal.); *F.G. et al v. CooperSurgical, Inc. et al*, 4:24-cv-01261 (N.D. Cal.); *J.S. et al v. CooperSurgical, Inc. et al*, 3:24-cv-01353 (N.D. Cal.); *J.K. et al v. CooperSurgical, Inc. et al*, 3:24-cv-01680 (N.D. Cal.); *Woods et al v. CooperSurgical, Inc. et al*, 4:24-cv-01745 (N.D. Cal.); *M.N. et al v. CooperSurgical, Inc. et al*, 4:24-cv-01853 (N.D. Cal.); *R.S. v. CooperSurgical, Inc. et al*, 4:24-cv-02031-JST (N.D. Cal.); *N.O. et al v. CooperSurgical, Inc. et al*, 4:24-cv-02042 (N.D. Cal.); *Oxendine et al v. CooperSurgical, Inc. et al*, 4:24-cv-02168 (N.D. Cal.); *O'Brien. et al v. CooperSurgical, Inc. et al*, 4:24-cv-02580-DMR (N.D. Cal.); *A.F. et al v. CooperSurgical, Inc. et al*, 4:24-cv-02610 (N.D. Cal.).

the proceedings.'") (quoting *Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013)).

### C. The Lack of Prejudice to Defendants.

Finally, Plaintiff's need for anonymity does not present any prejudice to Defendants. Plaintiff does not seek to prevent Defendants from knowing her identify, but rather, only seeks to shield her identity from the public. Courts have found that where defendants have access to plaintiffs' identities, there is no prejudice. *See, e.g.*, *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017) ("Notably, Defendants identify no prejudice to allowing Plaintiff to proceed under a pseudonym, particularly where Defendants are aware of Plaintiff's real name."); *Heineke v. Santa Clara Univ*, 2017 WL 6026248, at *23 ((N.D. Cal. Dec. 5, 2017) (finding no prejudice "especially" where the party knows Doe's true identity). Here, Plaintiff will disclose her identity to Defendants, so there is no prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed with this action anonymously.

Dated: May 3, 2024

    */s/ Sarah R. London*
Sarah R. London (State Bar No. 267083)
slondon@lchb.com
Tiseme G. Zegeye (State Bar No. 319927)
tzegeye@lchb.com
Caitlin M. Woods (State Bar No. 335601)
cwoods@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

| | |
|---|---|
| 1 | Hannah R. Lazarz (*pro hac vice forthcoming*) |
| 2 | hlazarz@lchb.com<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 3 | 222 2nd Avenue South, Suite 1640<br>Nashville, TN  37201-2379 |
| 4 | Telephone:  615.313.9000<br>Facsimile:  615.313.9965 |

*Attorneys for Plaintiff A.A.*

2995384.1